Kandic v. Garland

BIA
A076 002 014

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-two.

PRESENT:
>JOSÉ A. CABRANES,
>ROBERT D. SACK,
>REENA RAGGI,
>>*Circuit Judges.*

---

HAKO KANDIC,
>*Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent*.

20-189
NAC

---

FOR PETITIONER:     Gregory Marotta, Law Office of Gregory Marotta, Vernon, NJ.

FOR RESPONDENT:     Jeffrey Bossert Clark, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Juria L.

Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hako Kandic, a native of the former Yugoslavia and citizen of Montenegro, seeks review of a December 19, 2019 decision of the BIA denying his third motion to reopen. *In re Hako Kandic*, No. A 076 002 014 (B.I.A. Dec. 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "We will identify such abuse only if the Board's decision inexplicably departs from established policies or is so devoid of rational explanation as to raise concern that it acted in an arbitrary or capricious manner." *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (internal quotation marks omitted). We find no abuse of discretion here.

Kandic's motion to reopen, his third such motion, filed

approximately 15 years after the agency's final order of removal, was both untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (authorizing petitioner to file one motion to reopen proceedings within 90 days of final administrative order of removal); 8 C.F.R. § 1003.2(c)(2) (same). The time and number limitations do not apply if reopening is sought to apply or reapply for asylum and the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii). This exception obtains, however, only if such evidence is "material and was not available and would not have been discovered or presented at the previous proceeding." *Id.*; *accord* 8 C.F.R. § 1003.2(c)(3).

The BIA did not err in finding that this exception did not apply because Kandic's evidence was not material. In Kandic's underlying removal proceedings, the immigration judge ("IJ") made an adverse credibility determination based on significant inconsistencies between Kandic's in-court testimony on the one hand and his written asylum application and testimony before an asylum officer on the other. Specifically, Kandic testified inconsistently concerning his

3

membership in political parties; his involvement in political demonstrations; and the extent of the harm he suffered on account of such activities.

In moving to reopen, Kandic submitted reports and affidavits describing ongoing political tensions in Montenegro, including an affidavit from his brother asserting that police were still looking for Kandic on account of his prior political activities. Because this was the same factual predicate for Kandic's underlying claim, he was required to rebut the IJ's adverse credibility determination to secure reopening. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) (holding that petitioner can secure reopening notwithstanding IJ's prior adverse credibility determination if "*factual predicate of . . . claim of future persecution is independent of*" testimony found not to be credible (emphasis in original)); *Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (upholding BIA's denial of motion to reopen on ground that "evidence submitted . . . was not 'material' because it did not rebut . . . adverse credibility finding" supporting IJ's denial of underlying asylum application).

The BIA reasonably concluded that Kandic did not rebut the IJ's adverse credibility determination. Both Kandic's

own affidavit and his brother's maintain that Kandic would be persecuted in Montenegro based on his prior political activities, and his country conditions evidence purports to show worsening political tension in Montenegro. None of this evidence, however, casts doubt on the IJ's adverse credibility determination because it does not explain the many inconsistencies between Kandic's in-court testimony and his prior statements. Even if his or his brother's statements could rehabilitate Kandic's credibility, the BIA was not required to credit those statements in light of the underlying credibility determination concerning those same facts. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147–48 (2d Cir. 2007) (identifying no error in BIA's rejection of documentary evidence given underlying credibility concerns).

Kandic argues that the IJ's adverse credibility determination violated due process because he had not been prepared to proceed *pro se* at his hearing. He seeks remand to allow him to testify with the assistance of counsel. In reviewing the denial of a motion to reopen, however, "we are precluded from passing on the merits of the underlying exclusion proceedings" and, instead, must "confine our review to the denial of the petitioner's motion to reopen." *Paul*,

444 F.3d at 153 (internal quotation marks omitted). Accordingly, where, as here, "an asylum applicant does not file a timely appeal disputing the BIA's affirmance of the IJ's credibility ruling" — whether on due process or other grounds — "a motion to reopen does not provide a collateral route by which the [applicant] may challenge the validity of the original credibility determination." *Id.* In any event, Kandic does not explain how counsel's absence during his testimony bore on the credibility determination. He asserts only that he testified under duress due to the lack of counsel. But such a conclusory claim does not persuade given Kandic's failure, as noted *supra*, to explain the inconsistencies between his testimony and his prior statements.

Accordingly, the BIA did not abuse its discretion in denying Kandic's motion to reopen because he relied on his original claim and "did not rebut the adverse credibility finding that provided the basis for the IJ's denial of [his] underlying asylum application." *Kaur*, 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court